# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**HUNTINGTON ALLOYS CORPORATION,**
**Employer Below, Petitioner**

**FILED**

January 25, 2018
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)   No. 17-0027** (BOR Appeal No. 2051514)
                      (Claim No. 2014033757)

**PATRICK WHEELER,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Huntington Alloys Corporation, by Steven K. Wellman, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Patrick Wheeler, by Cathy L. Greiner, his attorney, filed a timely response.

The issue on appeal is whether lumbar disc herniation/displacement and cervical disc herniation/displacement should be added as a compensable injury and whether the claim should be reopened for temporary total disability benefits. The claims administrator denied a request to reopen the claim for temporary total disability benefits on June 18, 2015. The claims administrator denied a request for the addition of lumbar disc herniation/displacement and cervical disc herniation/displacement as compensable conditions on July 24, 2015. The Office of Judges reversed both of the claims administrator's decisions, approved both the lumbar disc herniation/displacement and cervical disc herniation/displacement as compensable conditions, and approved the requested temporary total disability benefits on August 19, 2016. The Board of Review affirmed the Order of the Office of Judges on December 16, 2016. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Wheeler, a steel worker at Huntington Alloys Corporation, injured his neck and back while attempting to lift a panel at work on May 18, 2014. The following day, Allen Young, M.D., treated Mr. Wheeler, who reported that he was injured when he caught a falling breaker panel door, which jerked his neck and lower back. Dr. Young diagnosed sprains of the lumbar spine and cervical spine. Dr. Young also noted Mr. Wheeler's prior history of upper and lower back problems, which started in 2005 with a lumbar sprain.

On November 2, 2006, a lumbar spine MRI revealed that the spinal canal appeared congenitally narrow at all levels. The narrowing was significantly exacerbated at L3-4 and L4-5, secondary to diffuse disc bulge and facet degenerative changes, which resulted in central canal narrowing as well as bilateral foraminal narrowing most severe at L4-5. In 2009, Mr. Wheeler was treated for numbness in his left arm. In a November 26, 2012, report, Allan Koester, M.D., stated that he treated Mr. Wheeler who reported a four-year history of his right arm giving out as well as numbness. Cervical spine x-rays demonstrated some diffuse osteoarthritic changes in the lower cervical spine. On February 7, 2013, a cervical MRI revealed multilevel degenerative disc disease with severe canal stenosis and a disc herniation at C3-4. Mr. Wheeler was referred to Panos Ignatiadis, M.D., a neurosurgeon. Dr. Ignatiadis noted that the MRI showed multiple degenerative changes, specifically at C3-4, C5-6, and to a lesser extent at C6-7. He diagnosed cervical radiculopathy at C5-7 on the right, carpal tunnel on the right, and left L4 radiculopathy.

On May 11, 2013, Mr. Wheeler underwent a lumbar MRI that showed a broad-based disc bulge with facet degenerative changes at L3-4 and L4-5, causing moderate central canal narrowing and foraminal narrowing. On May 15, 2015, Mr. Wheeler underwent nerve conduction studies by Carl McComas, M.D., which revealed evidence of denervation, reinnervation, and dropout of motor unit potentials in the right triceps and extensor carpi ulnaris muscles. Dr. McComas stated that the study was consistent with borderline right ulnar neuropathy and a moderate chronic right C7 radiculopathy. David Caraway, M.D., a pain specialist, recommended cervical epidural steroid injections on July 30, 2013.

After the compensable injury on May 28, 2014, Mr. Wheeler underwent a lumbar MRI, which showed degenerative changes superimposed on congenital spinal stenosis, resulting in moderate spinal canal and lateral recess stenosis from L2-5. Rodger Blake, M.D., the examiner, commented that when compared to the previous study, there was a right posterior lateral small disc protrusion just prior to the entry of the lateral recess at T12-L1. On September 30, 2014, the claims administrator held the claim compensable for lumbar sprain, thoracic sprain, and neck sprain.

Prasadarao Mukkamala, M.D., performed an independent medical evaluation of Mr. Wheeler on January 20, 2015. Dr. Mukkamala found that Mr. Wheeler had reached maximum medical improvement and required no further treatment other than a home exercise program. He commented that Mr. Wheeler demonstrated a significant degree of symptom magnification. He further stated there was no indication for a neurosurgical consultation, any further investigation, or a pain management referral. At the time of his examination, Mr. Wheeler complained of pain and stiffness in his low back, his left leg giving out, pain in both hips, and numbness in both

arms. Dr. Mukkamala opined that Mr. Wheeler suffered from 11% whole person impairment attributable to the compensable injury.

An April 4, 2015, cervical MRI revealed significant multilevel degenerative changes and disc disease, causing moderate to severe central canal stenosis and cord compression. On May 13, 2015, Mr. Wheeler was evaluated by Dr. Ignatiadis who diagnosed severe myelopathy due to cord compression from a disc herniation at C2-4, which had been dormant and was aroused by the compensable injury of May 18, 2014. Dr. Ignatiadis noted that he had previously seen Mr. Wheeler in April of 2013 for neck pain and at that time, he had no evidence of myelopathy. On May 21, 2015, Mr. Wheeler underwent an anterior discectomy and fusion at C3-4 for severe disc herniation, cord compression, stenosis, and myelopathy.

One week after surgery, Dr. Young saw Mr. Wheeler for a follow-up. Dr. Young stated that based upon the report from Dr. Ignatiadis, he would send the information to the claims administrator to see if the claim could be reopened for temporary total disability benefits. Dr. Young completed an application for temporary total disability benefits suggesting Mr. Wheeler should receive them from May 18, 2014, through September 11, 2015.  On June 18, 2015, the claims administrator denied the request to reopen the claim for temporary total disability benefits. On June 30, 2015, Dr. Young completed a diagnosis update requesting the addition of lumbar disc herniation/displacement and cervical disc herniation/displacement to the claim. The claims administrator denied this request on July 24, 2015.

Marsha Bailey, M.D., performed an independent medical evaluation of Mr. Wheeler on May 5, 2016. Dr. Bailey opined that Mr. Wheeler suffered from chronic whole spine pain with all four extremity complaints of pain and paresthesia. She stated that Mr. Wheeler's subjective complaints far outweighed his physical findings. She observed that his complaints of bilateral whole arm and bilateral whole leg symptoms were not anatomic and were nondermatomal. She performed a range of motion study which she described as pain-restricted. Dr. Bailey opined that Mr. Wheeler had sustained simple sprains and strains of the cervical, thoracic, and lumbar spine as a result of the compensable injury and that his present complaints pre-existed the compensable injury. Dr. Bailey believed that Mr. Wheeler had reached maximum medical improvement. She opined that any surgical intervention was solely a result of the progression of his degenerative disc disease, degenerative joint disease, and disc osteophyte complexes. She stated that Mr. Wheeler's need for surgery would have occurred in the absence of his compensable injury.

On June 19, 2016, the Office of Judges determined that the claim was compensable for lumbar disc herniation/displacement and cervical disc herniation/displacement. Because the request for temporary total disability benefits arose from the now compensable conditions and cervical spine surgery, the Office of Judges determined that temporary total disability benefits should be granted as well. The Office of Judges determined that the most reliable and credible reports of record were the reports of Dr. Ignatiadis, a neurosurgeon, and Dr. Blake, who identified a new pathology after the compensable injury on May 28, 2014. Dr. Ignatiadis stated that the compensable jerking injury aroused the dormant, pre-existing condition, inducing myelopathy. The Office of Judges did not consider Dr. Mukkamala's report because he did not render an opinion as to whether the lumbar and cervical disc herniations/displacements were

3

compensable conditions. The Office of Judges determined that Dr. Ignatiadis was in a better position to render a diagnosis on this issue because neurosurgery is his specialty and he performed surgery on Mr. Wheeler. Further, his report was supported by the findings of Dr. Blake. The Board of Review adopted the findings of the Office of Judges and affirmed its Order on December 16, 2016.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. The Office of Judges, as the finder of fact, found that Dr. Ignatiadis's diagnoses were more persuasive and further supported by the evidence than the other opinions of record. Dr. Ignatiadis stated, in reference to the cervical spine, that the compensable jerking injury aroused Mr. Wheeler's dormant pre-existing condition inducing myelopathy. Dr. Ignatiadis noted that he had previously treated Mr. Wheeler in April of 2013 for neck pain, and at that time, there was no evidence of myelopathy. In regard to the lumbar spine, studies taken prior to the compensable injury showed a disc bulge and degenerative changes at L3-4 and L4-5. An MRI taken after the compensable injury occurred revealed a right posterior lateral small disc protrusion just prior to the entry of the lateral recess at T12-L1. Dr. Blake, the examiner, stated that this was new when compared to the previous, preinjury MRI. Mr. Wheeler clearly suffered a new lumbar spine injury. The payment of temporary total disability benefits was therefore proper.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: January 25, 2018**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

4